Steven Ritcheson
Insight, PLC
578 Washington Boulevard #503
Marina del Rey, California 90291
Phone: (424) 289-9191
swritcheson@insightplc.com

Howard L. Wernow
(*pro hac vice forthcoming*)
Sand, Sebolt & Wernow Co., LPa
Aegis Tower - Suite 1100
4940 Munson Street, N. W.
Canton, Ohio 44718
Phone: (330) 244-1174
howard.wernow@sswip.com

Attorneys for Plaintiff
FURY TECHNOLOGIES LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FURY TECHNOLOGIES LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**DJI TECHNOLOGY, INC.,**<br><br>Defendant. | Civil Action No.:<br><br>**TRIAL BY JURY DEMANDED** |

<u>**COMPLAINT FOR INFRINGEMENT OF PATENT**</u>

Now comes Plaintiff, Fury Technologies LLC ("Plaintiff" or "Fury"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant DJI Technology, Inc. (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No 8,965,598 ("the '598 Patent") and U.S. Patent No. 9,352,833 ("the '833 Patent") (collectively the "Patents-in-Suit"), which are attached hereto as Exhibits A and B, respectively, and incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2. Plaintiff is a Texas limited liability company with its principal place of business at 6009 West Parker Road – Suite 149-1089, Plano, Texas 75093.

3. Upon information and belief, Defendant is a corporation organized under the laws of California, having a principal place of business at 201 South Victory Boulevard, Burbank, California 91502. Upon information and belief, Defendant may be served with process c/o CT Corporation System, 818 West Seventh Street – Suite 930, Los Angeles, California 90017.

4. Plaintiff is further informed and believes, and on that basis alleges, that Defendant operates the website enterprise.dji.com. Defendant derives a portion of its revenue from sales and distribution via electronic transactions conducted on and

using at least, but not limited to, its Internet website located at enterprise.dji.com, and its incorporated and/or related systems (collectively the "DJI Website"). Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the DJI Website.

## JURISDICTION AND VENUE

5.     This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

6.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7.     This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

8.     Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this forum state and in this judicial District; and (iii) being incorporated in this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its incorporation, and regular and established place of business in this District.

## FACTUAL ALLEGATIONS

10. On February 24, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '598 Patent, entitled "AUTOMATIC FLIGHT CONTROL FOR UAV BASED SOLID MODELING" after a full and fair examination. The '598 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

11. Plaintiff is presently the owner of the '598 Patent, having received all right, title and interest in and to the '598 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '598 Patent, including the exclusive right to recover for past infringement.

12. To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287.

13. The invention claimed in the '598 Patent comprises an automatic unmanned aerial vehicle (UAV) flight control system for solid modeling.

14. Claim 1 of the '598 Patent recites an automatic aerial vehicle (UAV) flight control system for solid modeling.

15. Claim 1 of the '598 Patent states:

> "1. An automatic unmanned aerial vehicle (UAV) flight control system for Solid modeling, the system comprising:
> a UAV with an onboard camera;
> a controller capable of communication with a flight control module of the UAV, the controller configured to:
> determine an initial movement path based on an estimate of a structure to be modeled;
> capture images of the structure to be modeled;
> form surface hypotheses for unobserved surfaces based on the captured images;
> determine missing Surface information from the Surface hypotheses; and
> determine a least impact path for the UAV based on the missing Surface information and desired flight parameters." See Exhibit A.

16.   Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '598 Patent. More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claim 1 of the '598 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a UAV device that encompasses that which is covered by Claim 1 of the '598 Patent.

17.   On May 31, 2016, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '833 Patent, entitled "AUTOMATIC FLIGHT CONTROL FOR UAV BASED SOLID MODELING" after a full and fair examination. The '833 Patent is attached hereto as Exhibit B and incorporated herein as if fully rewritten.

18. Plaintiff is presently the owner of the '833 Patent, having received all right, title and interest in and to the '833 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '833 Patent, including the exclusive right to recover for past infringement.

19. To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287.

20. The invention claimed in the '833 Patent comprises an automatic unmanned aerial vehicle (UAV) flight control system for solid modeling.

21. Claim 11 of the '833 Patent recites an unmanned aerial vehicle (UAV) system for 3D modeling.

22. Claim 11 of the '833 Patent states:

> "11. An unmanned aerial vehicle (UAV) system for 3D modeling, the system comprising:
> a UAV capable of communication with a controller, the UAV configured to:
> receive an initial movement path from the controller, wherein the initial movement path is based on an estimate of a structure to be modeled;
> capture one or more images of the structure to be modeled, wherein the one or more images are captured by one or more cameras onboard the UAV:
> transmit the captured one or more images to the controller, wherein the captured one or more images are used to form a surface hypotheses for unobserved surfaces, and wherein missing surface information is determined from the surface hypotheses; and
> receive a least impact path for the UAV from the con-

troller, wherein the least impact path is based on the missing surface information and desired flight parameters." See Exhibit B.

23. Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '833 Patent. More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claim 11 of the '833 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a UAV device that encompasses that which is covered by Claim 11 of the '833 Patent.

## DEFENDANT'S PRODUCT(S)

24. Defendant offers solutions, such as the "DJI Construction Solution" (the "Accused System"), flight control system for solid modeling.

25. A non-limiting and exemplary claim chart comparing the Accused System to Claim 1 of the '598 Patent is attached hereto as Exhibit C and is incorporated herein as if fully rewritten.

26. As recited in Claim 1, a system, at least in internal testing and usage, utilized by the Accused System practices an automatic unmanned aerial vehicle (UAV) flight control system for solid modeling. See Exhibit C.

27. As recited in one step of Claim 1, the system, at least in internal testing and usage, utilized by the Accused System comprises a UAV with an onboard camera. See Exhibit C.

28. As recited in another step of Claim 1, the system, at least in internal testing and usage, utilized by the Accused System comprises a controller capable of communications with a flight control module of the UAV. See Exhibit C.

29. As recited in another step of Claim 1, the system, at least in internal testing and usage, utilized by the Accused System comprises a controller which determines an initial movement path based on an estimate of a structure to be modeled. See Exhibit C.

30. As recited in another step of Claim 1, the system, at least in internal testing and usage, utilized by the Accused System comprises a controller which capture images of the structure to be modeled. See Exhibit C.

31. As recited in another step of Claim 1, the system, at least in internal testing and usage, utilized by the Accused System comprises a controller which forms surface hypotheses for unobserved surfaces based on the captured images and determines missing surface information from the surface hypotheses. See Exhibit C.

32. As recited in another step of Claim 1, the system, at least in internal testing and usage, utilized by the Accused System comprises a controller which determines a least impact path for the UAV based on the missing surface information and desired flight parameters. See Exhibit C.

33. The elements described in the preceding paragraphs are covered by at least Claim 1 of the '598 Patent. Thus, Defendant's use of the Accused System is enabled by the method described in the '598 Patent.

34. A non-limiting and exemplary claim chart comparing the Accused System to Claim 11 of the '833 Patent is attached hereto as Exhibit D and is incorporated herein as if fully rewritten.

35. As recited in Claim 11, a system, at least in internal testing and usage, utilized by the Accused System is an unmanned aerial vehicle (UAV) system for 3D modeling. See Exhibit D.

36. As recited in one step of Claim 11, the system, at least in internal testing and usage, utilized by the Accused System comprises a UAV capable of communication with a controller. See Exhibit D.

37. As recited in another step of Claim 11, the system, at least in internal testing and usage, utilized by the Accused System comprises a UAV which receives an initial movement path from the controller wherein the initial movement path is based on an estimate of a structure to be modeled. See Exhibit D.

38. As recited in another step of Claim 11, the system, at least in internal testing and usage, utilized by the Accused System comprises a UAV which captures one or more images of the structure to be modeled wherein the one or more images are captured by one or more cameras onboard the UAV. See Exhibit D.

39. As recited in another step of Claim 11, the system, at least in internal testing and usage, utilized by the Accused System comprises a UAV which transmits the captured one or more images to the controller, wherein the captured one or more images are used to form a surface hypotheses for unobserved surfaces,

and wherein missing surface information is determined from the surface hypotheses. See Exhibit D.

40. As recited in another step of Claim 11, the system, at least in internal testing and usage, utilized by the Accused System comprises a UAV which receives a least impact path for the UAV from the controller, wherein the least impact path is based on the missing surface information and desired flight parameters. See Exhibit D.

41. The elements described in the preceding paragraphs are covered by at least Claim 11 of the '833 Patent. Thus, Defendant's use of the Accused System is enabled by the method described in the '833 Patent.

## INFRINGEMENT OF THE PATENTS-IN-SUIT

42. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs

43. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '598 Patent and the '833 Patent.

44. Defendant has had knowledge of infringement of the '598 Patent and the '833 Patent at least as of the service of the present Complaint.

45. Defendant has directly infringed and continues to directly infringe at least one claim of the '598 Patent and the '833 Patent by using, at least through internal testing or otherwise, the Accused Product without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and

proximate result of Defendant's direct infringement of the '598 Patent and the '833 Patent, Plaintiff has been and continues to be damaged.

46. Defendant has induced others to infringe the '598 Patent and the '833Patent by encouraging infringement, knowing that the acts Defendant induced constituted patent infringement, and its encouraging acts actually resulted in direct patent infringement.

47. By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '598 Patent and the '833 Patent, pursuant to 35 U.S.C. § 271.

48. Defendant has committed these acts of infringement without license or authorization.

49. As a result of Defendant's infringement of the '598 Patent and the '833 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

50. Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

51. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement

contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim charts depicted in Exhibits C and D are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## DEMAND FOR JURY TRIAL

52.  Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. That Defendant be adjudged to have directly infringed the '598 Patent and the '833 Patent either literally or under the doctrine of equivalents;

b. An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '598 Patent and the '833 Patent;

d. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

e. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

f. That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

g. That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated: April 27, 2020          Respectfully submitted,

/s/
Steven Ritcheson
Insight, PLC
578 Washington Boulevard #503
Marina del Rey, California 90291
Phone: (424) 289-9191
swritcheson@insightplc.com

ATTORNEYS FOR PLAINTIFF

Together with:

SAND, SEBOLT & WERNOW CO., LPA

Howard L. Wernow
(*pro hac vice forthcoming*)

Aegis Tower - Suite 1100
4940 Munson Street, N. W.
Canton, Ohio 44718

Phone: 330-244-1174
Fax: 330-244-1173
Email: Howard.Wernow@sswip.com